IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TRESA J. BERRY                                                                                          PLAINTIFF

V.                                   CIVIL ACTION NO. 2:15-CV-2240-MEF

CAROLYN W. COLVIN, Commissioner,
Social Security Administration                                                                DEFENDANT

## FINAL JUDGMENT

This cause is before the Court on the Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying her claim for disability benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c). The Court, having reviewed the administrative record, the briefs of the parties, the applicable law, and having heard oral argument, finds as follows, to-wit:

Consistent with the Court's ruling from the bench following the parties' oral argument, the decision of the Commissioner of Social Security is reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

The Court finds that the matter must be remanded for a proper credibility analysis of Plaintiff's subjective complaints and to allow the Administrative Law Judge (ALJ) to obtain a more recent Residual Functional Capacity (RFC) assessment. The ALJ is directed to reconsider Plaintiff's credibility in light of all the evidence of record, the factors set forth in *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984), as well as the regulations; and, to obtain a current mental status evaluation from Dr. Walz or Dr. Spray, complete with an RFC assessment. Consideration should be given to how Plaintiff's mental impairments affect her ability to work in a competitive environment and around others. Upon such reconsideration, the ALJ should

formulate appropriate hypothetical questions to the Vocational Expert which set forth all of Plaintiff's mental and physical impairments. Accordingly, the Court finds the evidence insufficient to determine the Plaintiff's disability status during this period. *See Johnson v. Astrue*, 627 F.3d 316, 320 (8th Cir. 2010) (ALJ is required to order medical examinations and tests if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled).

IT IS SO ORDERED AND ADJUDGED on this the 7th day of December 2016.

/s/ **Mark E. Ford**
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE